IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Levern McCray, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | C/A No.: 3:14-cv-02623-TLW |
| ) | |
| Allstate Insurance Company and ) | |
| Liberty Mutual Fire Insurance Company, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**ORDER**

This matter is before the Court for consideration of a First Motion to Compel filed by Plaintiff, Levern McCray ("Plaintiff"), on April 27, 2015 (Doc. #49) seeking an Order compelling Defendant Allstate Insurance Company ("Defendant Allstate") to provide full and complete answers to Plaintiff's Interrogatories numbers 2 through 9 and Requests to Admit numbers 6 and 7. Defendant Allstate filed a Response opposing Plaintiff's motion on May 22, 2015 (Doc. #53), to which Plaintiff replied on June 1, 2015 (Doc. #56). The Court directs Defendant Allstate to provide answers to Plaintiff's Interrogatories 2, 3, 4, 5, 6, 7, 8 and 9, and to provide direct responses to Plaintiff's Requests to Admit 6 and 7.

In considering discovery matters, the Court notes that parties to civil litigation are generally allowed broad discovery under the rules, as detailed in Fed. R. of Civ. P. 26(b)(1):

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1).

In conducting discovery, the parties to a federal civil lawsuit must comply with the Federal Rules of Civil Procedure, as well as any applicable local court rules. Guided by these principles, the Court considers the Plaintiff's First Motion to Compel (Doc. #49).

## Plaintiff's Requests to Admit

Plaintiff's Request to Admit number 6 states: "Admit Allstate served the Plaintiff with an Offer of Judgment for $135,000.00 signed on January 18, 2011." (Doc. #49-1 at 19). Defendant Allstate answered: "Denied as stated. Allstate states that the Offer of Judgment speaks for itself . . ." (Doc. #49-1 at 19). Defendant Allstate is directed to provide Plaintiff with an amended clear and straightforward answer to Request to Admit number 6. See Fed. R. Civ. P. 36(a)(6).

Plaintiff's Request to Admit number 7 states: "Admit Jose W. Valle had no authority to make any offers of judgment on behalf of Allstate." (Doc. #49-1 at 19). Defendant Allstate answered: "Denied as stated. While Jose W. Valle had no authority to make any offers of judgment on behalf of Allstate, he did have the authority to make offers of judgment on his own behalf." (Doc. #49-1 at 20). Defendant Allstate's response is not sufficiently clear. Defendant Allstate is directed to provide Plaintiff with an amended clear and straightforward answer to Request to Admit number 7. See Fed. R. Civ. P. 36(a)(6).

## Plaintiff's Interrogatories

Plaintiff's Interrogatory number 2 seeks information regarding the individuals employed by Allstate that were involved in the "processing, evaluating, reviewing and adjusting of Plaintiff's claim." (Doc. #49-1 at 2). Defendant Allstate provided a partial response to Plaintiff's Interrogatory number 2. (Doc. #49-1 at 2-3). Defendant Allstate is ordered to provide the business address and contact information of the individuals identified in its answer.

Interrogatories number 3 and 4 seek information relating to "any incentive contest bonus quota, goal or evaluation system applicable" to each adjuster responsible for handling Plaintiff's claim and the adjuster's supervisors.  (Doc. #49-1 at 3).  Defendant Allstate objects to both Interrogatory number 3 and 4 on the same ground: "[S]eeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. . . [and] is unduly burdensome and overbroad."  (Doc. #49-1 at 3).  Defendant Allstate is ordered to answer Interrogatory number 3 and Interrogatory number 4.

Plaintiff's Interrogatory number 5 seeks information regarding "other bad faith actions in the state of South Carolina in which the Defendant [Allstate] has been involved in the last five years."  (Doc. #49-1 at 4).  Defendant Allstate objects to Interrogatory number 5 because it "seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. . . [and] is unduly burdensome and overbroad."  (Doc. #49-1 at 4).  Defendant Allstate is ordered to answer Interrogatory number 5.

Plaintiff's Interrogatory number 6 requests information about "the outcome of all cases" Defendant Allstate provided in its answer to Interrogatory number 5.  (Doc. #49-1 at 4).  Defendant Allstate objects to Interrogatory number 5 because: "Allstate refers Plaintiff to its answer to Interrogatory No. 5, which it incorporates as if fully stated herein."  (Doc. #49-1 at 4).  Defendant Allstate is ordered to answer Interrogatory number 6.

Plaintiff's Interrogatory number 7 requests information relating to the loss reserves.  (Doc. #49-1 at 4).  Defendant Allstate objects because "it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence."  (Doc. #49-1 at 4).  The above-captioned case alleges a cause of action for bad faith.  South Carolina courts have found that a claim against an insurance company for bad faith requires an examination of the evidence

3

before the insurance company at the time it denied the claim or, if the insurance company did not specifically deny the claim, the evidence it had before it at the time the suit was filed." Howard v. State Farm Mut. Auto. Ins. Co., 316 S.C. 445, 448, 450 S.E.2d 582, 584 (1994).  The relevance of reserve information depends on the facts and circumstances of each case.  This Court concludes that the reserve loss information requested in Interrogatory number 7 may be relevant to the issue of bad faith in this case and is subject to discovery.  Defendant Allstate is ordered to answer Interrogatory number 7.

Interrogatory number 8 requests information regarding the settlement authority provided to the adjuster or adjusters handling the Plaintiff's claim.  (Doc. #49-1 at 4).  Defendant Allstate objects to Interrogatory number 8 because "it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence," and further refers the Plaintiff to documents "which may contain information responsive to this Interrogatory."  (Doc. #49-1 at 4-5).  Defendant Allstate is directed to answer Interrogatory number 8.

Plaintiff's Interrogatory number 9 asks Defendant Allstate to identify any software or computer program used by Defendant Allstate in adjusting the claim of the Plaintiff.  (Doc. #49-1 at 5).  Defendant Allstate objects to the Interrogatory because "it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence."  (Doc. #49-1 at 5).   This Court concludes that information about the computer programs involved in the processing of claims could lead to the discovery of admissible evidence.  Defendant Allstate is ordered to answer Interrogatory number 9.

## **CONCLUSION**

The Court concludes that the discovery sought by the Plaintiff is relevant to the claims and defenses at issue in the above-captioned lawsuit and is reasonably calculated to lead to the discovery of admissible evidence.  See Fed. R. Civ. P. 26(b).  The Court expects that counsel will comply with the Federal Rules of Civil Procedure and Local Rules of this Court which require the parties to fully engage in discovery and to confer in good faith to resolve discovery issues without the Court's assistance when possible.

After careful consideration, **IT IS ORDERED** that Plaintiff's First Motion to Compel (Doc. #49) is **GRANTED** as outlined and limited herein.  Defendant Allstate is directed to provide full and complete answers to the Plaintiff's Interrogatories number 2, 3, 4, 5, 6, 7, 8 and 9 and Requests to Admit number 6 and 7 within fourteen (14) days of entry of this Order.

**IT IS SO ORDERED.**

s/ Terry L. Wooten  
Terry L. Wooten  
Chief United States District Judge

October 22, 2015  
Columbia, South Carolina