IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Levern McCray, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | C/A No.: 3:14-cv-02623-TLW |
| | ) | |
| Allstate Insurance Company and | ) | |
| Liberty Mutual Fire Insurance Company, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER**

This matter is before the Court for consideration of a Second Motion to Compel filed by Plaintiff, Levern McCray ("Plaintiff"), on September 17, 2015 (Doc. #69) seeking an Order compelling Defendant Allstate Insurance Company ("Defendant Allstate") to produce one or more witnesses adequately prepared to testify on the designated topics in accordance with Fed. R. Civ. P. 30(b)(6). Defendant Allstate filed a Response opposing Plaintiff's motion on October 5, 2015 (Doc. #71), and concurrently filed a Motion to Seal (Doc. #70). The Plaintiff replied in support of the Motion to Compel on October 16, 2015. (Doc. #72).

The Plaintiff has conducted one Rule 30(b)(6) deposition of Defendant Allstate, but asserts that the designated witness was not prepared to provide the requested information on certain topics. Accordingly, the Plaintiff has moved the Court to order Defendant Allstate to produce a witness who is adequately prepared to testify as to the Rule 30(b)(6) topics.

Rule 30(b)(6) provides that a party may name as a deponent a public or private corporation,

and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. . . . The

persons designated must testify about information known or reasonably available to the organization.

Fed. R. Civ. P. 30(b)(6).

After careful consideration of the motion, memoranda, and the record, as well as a full review of the deposition transcript, this Court finds the position of the Plaintiff persuasive. The transcript reveals numerous instances in which Defendant Allstate's Rule 30(b)(6) witness was unable to answer the questions relating to the topics identified. The Plaintiff provided ample notice to Defendant Allstate of the five topics designated for the deposition. Federal Rule of Civil Procedure 30(b)(6) requires a corporation to respond to a deposition notice by designating and producing a witness who is familiar with the topics listed in the notice. The designated witness testifies on the corporation's behalf and, thus, testifies not only on his personal knowledge of a subject, but on corporate knowledge. See Ethox Chem., LLC v. Coca-Cola Co., No. 6:12-CV-01682-TMC, 2014 WL 2719214, at *1-2 (D.S.C. June 16, 2014) (citing Brazos River Auth. v. GE Ionics, Inc., 469 F.3d 416 (5th Cir. 2006)). "It follows that, in order to comply with the rule, the corporation has an affirmative duty to ensure that its designee has knowledge of all information on the noticed topics reasonably available to the corporation and is prepared to provide complete, binding answers on that information." Id.; see also Bd. of Trustees of Leland Stanford Jr. University v. Tyco Intern. Ltd., 253 F.R.D. 524 (C.D. Cal. 2008) (Rule 30(b)(6) implicitly requires a corporate designee to review all matters known or reasonably available to the corporation in preparation for the deposition, even if the documents are voluminous and reviewing them would be burdensome).

After careful consideration, this Court concludes that Defendant Allstate did not adequately prepare its Rule 30(b)(6) designee. The designated witness stated that she prepared by reviewing the Plaintiff's claims file prior to the deposition but did not bring it to the deposition and, when

questioned, could not recall information from the file.  The witness was not involved in the handling of the Plaintiff's insurance claim directly and thus was unable to testify based on personal recollection.  There are several examples in the deposition transcript that demonstrate the witness was unable to testify with institutional knowledge of a topic, let alone specific information regarding the adjusting of the Plaintiff's claim, due to lack of preparation.

Accordingly, for the reasons outlined herein, the Plaintiff's Second Motion to Compel (Doc. #69) is **GRANTED**.  Defendant Allstate is ordered to produce an additional witness or witnesses sufficiently prepared to answer questions related to Topics 1-5.  Defendant Allstate's Motion to Seal (Doc. #70) is deemed moot.

The Court expects that counsel will comply with the Federal Rules of Civil Procedure and Local Rules of this Court which require the parties to fully engage in discovery and to confer in good faith to resolve discovery issues without the Court's assistance when possible.

**IT IS SO ORDERED.**

s/ Terry L. Wooten
Terry L. Wooten
Chief United States District Judge

October 22, 2015
Columbia, South Carolina